MARY S. SCRIVEN, UNITED STATES DISTRICT JUDGE
THIS CAUSE comes before the Court for consideration of Defendant Mentor Worldwide LLC's Motion to Dismiss, (Dkt. 11); the Response in opposition thereto filed by Plaintiff Lalitha Jacobs, (Dkt. 13); and Plaintiff's "Addendum to Previous Response to Defendant's Motion to Dismiss Given to the Court on 4/16/2019," (hereinafter, "Addendum"). (Dkt. 16) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court GRANTS Defendant's Motion to Dismiss.
I. BACKGROUND
This is a product liability action concerning Defendant's MemoryGel Silicone Gel Breast Implant ("MemoryGel Implant"). (Dkt. 1) The MemoryGel Implant is a "Class III" medical device[1] approved by the U.S. Food and Drug Administration ("FDA") as safe and effective through the premarket approval ("PMA") process. (Dkt. 11 at 4 (citing Dkt. 1-1 at ¶¶ 17, 45; see also Dkts. 11-2, 11-3)) Thereafter, MemoryGel Implants were sold only to healthcare professionals in accordance with the design, manufacturing, and labeling specifications approved by the FDA.[2]
*1027 Plaintiff was surgically implanted with MemoryGel Implants on January 30, 2007. (Dkt. 11 at 3 (citing Dkt. 1-1 at ¶ 7)) Thereafter, Plaintiff alleges that she developed "severely disabling and life-threatening medical problems related to lupus-like syndrome within a few months after the insertion of the silicone breast implants." (Dkt. 1 at 4) Plaintiff also asserts that Defendant "failed to inform [her] via an informed consent about the origin of the product from a foreign country with the highest failure potential for silicone breast implants, the nature of material used in the implant and the life-threatening health complications related to the product failure." (Id. ) As a result, Plaintiff contends, her left breast implant ruptured which "led to a severe systemic-chemical and heavy metal toxicity adversely affecting [her] entire body." (Dkt. 11 at 3 (citing Dkt. 1-1 at ¶¶ 9-10))
On January 2, 2019, Plaintiff underwent a bilateral removal of her implants. (Id. (citing Dkt. 1-1 at ¶ 9)) On January 29, 2019, Plaintiff filed a Complaint asserting claims for (1) negligence and negligence per se; (2) strict products liability (failure to warn), and (3) strict products liability (manufacturing defect). (Id. at 3-4 (citing Dkt. 1-1 at ¶¶ 78-187))
On April 11, 2019, Defendant filed its Motion to Dismiss asserting that the Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. 11) Therein, Defendant asserts that Plaintiff's claims are both expressly and impliedly preempted by federal law. (Id. ) For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss.
II. STANDARD OF REVIEW
The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65 ).
To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable *1028 inference that the defendant is liable for the misconduct alleged." Id. (internal citations omitted). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
III. DISCUSSION
Defendant seeks dismissal of the Complaint on the grounds of express and implied preemption. (Dkt. 11) First, Defendant asserts that Plaintiff's claims are "state-law tort claims involving FDA-approved 'Class III' medical devices that seek to impose labeling or manufacturing requirements that are different from, or in addition to, those imposed by the FDA," and therefore, such claims are both expressly and impliedly preempted. (Id. at 1 (citing Riegel v. Medtronic, Inc., 552 U.S. 312, 128 S.Ct. 999, 169 L.Ed.2d 892 (2008) ). Secondly, Defendant asserts that "to the extent Plaintiff's claims seek to enforce federal requirements that are not grounded in traditional state-tort law, her claims also are impliedly preempted under Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001)." (Id. at 2)
In her two-page response to the Motion to Dismiss, Plaintiff asserts that she was adversely affected by her implants and that as a medical practitioner she can attest to the harm that she suffered. (Dkt. 13 at 1) Plaintiff filed an Addendum to her response, in which she asserts that Defendant's implants "were porous which led to the gel-leakage or gel-bleed from the time of implantation" and "in turn precipitated multi-system involvement due to the severe, diffuse toxicity and chronic immune dysfunction." (Dkt. 16 at 1) Additionally, Plaintiff argues that Defendant's "[f]ailure to report syndromes that mimic serious connective tissue diseases as a rare adverse event in the 'Information Booklet' of the manufacturer, has led to the misdiagnosis, delay in the proper diagnosis and unnecessary treatments." (Id. ) Notably, however, Plaintiff does not provide any argument in either the Response or the Addendum to challenge Defendant's assertions that her claims are entirely preempted by federal law. (See Dkts. 13, 16)
Defendant is correct that Plaintiff's claims are preempted to the extent that Plaintiff is seeking to recover for Defendant's alleged labeling or manufacturing requirements that are different from, or in addition to, those imposed by the FDA. Similarly, Defendant is correct that Plaintiff's claims are preempted to the extent that Plaintiff is seeking to enforce federal requirements that are not grounded in traditional state-tort law. Such claims appear to be the sole basis for Count II, and at least a portion of the basis for Count I, of the "Addendum" to Plaintiff's bare bones form Complaint. (Dkt. 1-1 at ¶¶ 78-104; 124-173). Just by way of example, Plaintiff alleges that:
Defendant breached its duty under federal law, and its parallel state duty, in failing to warn the FDA, Plaintiff and her physicians by not reporting the risk of serious defects and life-altering complications described herein that Defendant knew or should have known were associated with Mentor's MemoryGel Silicone Gel Breast Implants prior to the time of Plaintiff's implantations, including the actual level of risk and failure to *1029 communicate adverse events similar to the injuries suffered by Plaintiff.
[Defendant] also failed to revise the product labeling or otherwise communicate the true rate of occurrence of adverse events to the FDA, the IRB or to physicians based upon the adverse event information available to it through, among other things, the studies which it was required to conduct and the reports of adverse events and effects which it received.
(Id. at ¶¶ 84, 128 (Counts I, 2)). It is well-established that any claims based upon failure to provide warning are preempted by federal law; therefore, such claims cannot be sustained in this action. See Riegel v. Medtronic, Inc., 552 U.S. 312, 128 S.Ct. 999, 169 L.Ed.2d 892 (2008) In Riegel, the United States Supreme Court held that the Medical Device Amendments ("MDA"), 21 U.S.C. §§ 360 et seq., to the federal Food, Drug, and Cosmetic Act ("FDCA") expressly preempt state-law tort claims involving FDA-approved Class III medical devices that seek to impose labeling or manufacturing requirements that are different from, or in addition to, those imposed by the FDA. Id.; see also Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001) ( 21 U.S.C. § 337(a) "leaves no doubt" that federal law bars suits by private litigants "for noncompliance with the medical device provisions.").
Moreover, even as to those alleged parallel state claims that may theoretically be sustainable, upon review, the Court finds that the Complaint suffers from preliminary procedural defects under Federal Rules of Civil Procedure 8 and 10. A Complaint must be sufficiently clear to permit defendants a fair opportunity to defend. See FED. R. CIV. P. 8, 10. Rule 8 requires claims and defenses to be pleaded in "short and plain" statements. FED. R. CIV. P. 8(A)(2), (B)(1)(A) . Under Rule 8, a pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
FED. R. CIV. P. 8(A) . Further, "[e]ach allegation [in a complaint] must be simple, concise, and direct." FED. R. CIV. P. 8(D) . In addition, Rule 10 requires that
[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.... If doing so would promote clarity, each claim founded on a separate transaction or occurrence-and each defense other than a denial-must be stated in a separate count or defense.
FED. R. CIV. P. 10(B) .
Although Plaintiff attached a supplemental addendum to the five-page form Complaint, (Dkt. 1-1), the supplement does not suffice to satisfy the clear pleading requirements of Rule 8. FED. R. CIV. P. 8. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (internal quotation marks and citations omitted). The court should not assume that the plaintiff can prove facts that were not alleged on the face of the Complaint. Quality Foods, 711 F.2d at 994-95. Moreover, none of the operative allegations contained in the Complaint are in numbered paragraphs which fails to comply with Rule 10(b). (Dkt. 1) Therefore, the alleged parallel *1030 state claims are also due to be dismissed based on Plaintiff's violations of Rules 8 and 10.
IV. CONCLUSION
In light of Plaintiff's failure to comply with the requirements of Rules 8 and 10 warranting the dismissal of the Complaint, the Complaint must be dismissed. For the reasons explained above, should Plaintiff undertake to amend her complaint to comport with the Federal Rules of Civil Procedure, the amended complaint must exclude claims that are preempted by federal law, specifically any claim based upon any federal requirement not grounded in traditional state-tort law, or that are based on any alleged labeling or manufacturing requirements that are different from, or in addition to, those imposed by the FDA. Accordingly, upon consideration of the foregoing, it is hereby ORDERED as follows:
1. Defendant Mentor Worldwide LLC's Motion to Dismiss, (Dkt. 11), is GRANTED .
2. Plaintiff's Complaint, (Dkt. 1), is hereby DISMISSED .
a. To the extent that Plaintiff's Complaint, (Dkt. 1), seeks to recover for Defendant's alleged labeling or manufacturing requirements that are different from, or in addition to, those imposed by the FDA, or seeks to enforce federal requirements that are not grounded in traditional state-tort law, such claims are preempted by federal law, and are therefore, DISMISSED WITH PREJUDICE.
b. To the extent that Plaintiff's Complaint, (Dkt. 1), contains any state law claims that survive preemption and do not infringe on the areas of federal law identified above, such claims are not properly pleaded in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure, and are therefore, DISMISSED WITHOUT PREJUDICE.
3. If Plaintiff wishes to proceed with this matter, she must file an amended complaint repleading her claims within twenty-one (21) days of the date of this Order.
4. Plaintiff is encouraged to read the Federal Rules of Civil Procedure and the Local Rules of this Court and file an amended complaint that conforms to the pleading requirements contained therein. The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and may be obtained from the Clerk's Office. Additionally, the website for the Middle District of Florida currently has a reference guide for the pro se litigant entitled "Guide for Proceeding Without a Lawyer."[3] It provides, among other things, guidance to pro se plaintiffs on how to locate the applicable rules. Plaintiff is encouraged to refer to that resource before filing any amended complaint in this matter.
5. In light of the Court's directive above, Plaintiff's "Request to Grant Leave to Add Other Parties and Amend the Complaint," (Dkt. 24), is GRANTED if Plaintiff can assert claims against an additional Defendant that is not foreclosed by this Court's Order concerning pre-empted claims.
*1031 6. Plaintiff's "Request for Permission to do Electronic Transmission," (Dkt. 23), is GRANTED . If Plaintiff decides to proceed in this action, Plaintiff may electronically submit future filings.
7. If, upon the expiration of the above deadline, Plaintiff has neither filed an amended complaint nor sought an extension of time to do so, the CLERK is directed to TERMINATE any pending motions and CLOSE this case.
8. Plaintiff's "Request for Permission to Relocate," (Dkt. 17), which the Court construes as a Motion to Transfer Venue is DENIED . See e.g., 28 U.S.C. § 1391(b) ; Fla. Stat. §§ 47.101, 47.122. Venue is dictated by federal law and Rules of Procedure. Plaintiff should review all applicable rules before reasserting a right to transfer the case to a different jurisdiction based solely upon a change in her residency status.
DONE and ORDERED in Tampa, Florida, this 17th day of July, 2019.

In 1976, Congress enacted the Medical Device Amendments ("MDA") to the federal Food, Drug, and Cosmetic Act ("FDCA"). See 21 U.S.C. §§ 301 et seq. The MDA gives the FDA exclusive regulatory authority over medical devices. In establishing a regulatory regime to oversee medical devices, the MDA was expected "to provide for the safety and effectiveness of medical devices intended for human use." Medtronic, Inc. v. Lohr, 518 U.S. 470, 474, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996). The MDA establishes three classes of medical devices-Class I, Class II, and Class III-based on the level of oversight required to ensure their safety. See 21 U.S.C. § 360c(a)(1).

Once the FDA grants premarket approval, "the MDA forbids the manufacturer to make, without FDA permission, changes in design specifications, manufacturing processes, labeling, or any other attribute, that would affect safety or effectiveness." Riegel v. Medtronic, Inc., 552 U.S. 312, 319, 128 S.Ct. 999, 169 L.Ed.2d 892 (2008) (citing 21 U.S.C. § 360e(d)(6)(A)(i) ). Moreover, approved devices are subject to ongoing reporting requirements related to device safety. See id. For example, a manufacturer must inform the FDA of studies and investigations of its devices as well as incidents where the device caused or could have caused serious injury. Id. The FDA retains authority to withdraw approval based on this information. Id.

This guide may be accessed at http://www.flmd.uscourts.gov/litigants-without-lawyers.